In the Matter of Robert EPPS, Debtor.

Robert EPPS, Debtor-Petitioner,

v.

Cornelius BLACKSHEAR, Trustee-Respondent.

Bankruptcy No. 79 B 10098–JG.

United States District Court, S. D. New York.

Jan. 22, 1980.

Robert Epps, pro se.

Irving H. Picard, New York City, for trustee-respondent.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motion brought on by order to show cause issued by me on January 15, 1980 and on January 17, 1980, Robert Epps a Debtor in proceedings pending under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, et seq., seeks to remove United States Trustee Cornelius Blackshear as trustee in his case, for claimed misconduct and bias. The Trustee has responded by denial of any impro-

priety, and seeks an order either (1) dismissing for lack of jurisdiction Mr. Epps' petition seeking the removal of Mr. Blackshear as trustee (11 U.S.C. § 15324 and 28 U.S.C. § 1471(c), as added by § 241(a) of Title II of the Bankruptcy Reform Act of 1978 [Pub.L. 95–595 (Nov. 6, 1978)]; or (2) removing Mr. Epps' petition to the Bankruptcy Court for determination (11 U.S.C. § 15324 and 28 U.S.C. § 1478(a), as added by § 241(a) of Title II of the Bankruptcy Reform Act); or (3) dismissing the instant petition with prejudice on the ground that Mr. Epps has failed to state a claim upon which relief can be granted (Rule 12(b)(6), F.R.Civ.P.).

The Debtor is appearing without counsel. His general and conclusory allegations must be "[held] to less stringent standards than formal pleadings drafted by lawyers" and should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). So much of the Trustee's motion as seeks to dismiss for failure to state a claim is denied.

The Court also rejects the contention of the Trustee that there is no judicial power to remove or disqualify the United States Trustee from a particular case. It is true that the Trustee is a member of the Executive Branch of the United States Government. Accordingly, if the United States Trustee or assistant is to be removed entirely from office, such a decision would be made within the Executive Branch. The statute so provides, since it entrusts the power of removal to the Attorney General and contains no express provision for judicial review. 28 U.S.C. §§ 581(c), 582(b). Similarly, 11 U.S.C. § 15324 provides that "[t]he court, after notice and a hearing, *may remove a trustee other than the Unit-ed States trustee*, or an examiner, for cause."

However, to the extent it becomes necessary to disqualify a United States trustee who is exercising a quasi-judicial function from proceeding further in a par-

ticular case, a judicial determination is implicated. Accordingly, the Bankruptcy Court would have inherent power in its supervision of the pending case or proceeding to disqualify such trustee from that particular case, and this Court would have jurisdiction to review that determination on appeal. The situation is analogous to that of a United States Attorney or his assistant, also members of the Executive Branch, who can be fired only within the Executive Branch, but who can be disqualified and removed from a particular case by the court. See *United States v. Catalanotto*, 468 F.Supp. 503 (D.Ariz.1978); *United States v. Hubbard*, No. 78–401 (D.D.C. July 30, 1979); *Gajewski v. United States*, 321 F.2d 261, 267 (8th Cir. 1963), *cert. denied* 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964).

It is clear that there is no original jurisdiction in this Court to hear this application, except on appeal from an order of the Bankruptcy Court. This is a civil proceeding arising in or related to a case arising under Title 11 of the United States Code over which the Bankruptcy Court shall exercise all jurisdiction, under the precise terms of § 1471(c) of that Title as amended by P.L. 95–598.

For the foregoing reasons, this petition is transferred to the Bankruptcy Court to hear and determine. In all other respects, the motion of the United States Trustee is denied. So much of the Debtor's motion as seeks a stay of proceedings is also denied for want of a showing of probability of success.

So ordered.