**In re Peter KONTARATOS, Valerie Kontaratos, Debtors.**

**Bankruptcy Nos. 180–00189, 180–00190. Adv. No. 180–0082.**

United States Bankruptcy Court, D. Maine.

Feb. 19, 1981.

Louis H. Kornreich, Goodman, Goodman & Kornreich, Bangor, Me., for debtor.

Christopher Parker, Boston, Mass., for U.S. trustee.

## MEMORANDUM DECISION

CONRAD K. CYR, Bankruptcy Judge.

The debtors in possession move the court for an order changing the composition of the committee of creditors appointed by the United States trustee in these chapter 11 reorganization proceedings. The debtors in possession would have the court order the removal of two committee members believed unrepresentative of the interests of holders of unsecured claims.[1]

■ Bankruptcy Code § 151102(a) vests the power to appoint creditors' committees in the United States trustee. At the request of a party in interest the court is empowered to change the membership or size of a committee.[2] Bankruptcy Code

---

1. Bankruptcy Code § 1102(c) provides:

   (c) On request of a party in interest and after notice and a hearing, the court may change the membership or the size of a committee appointed under subsection (a) of this section if the membership of such committee is not representative of the different kinds of claims or interests to be represented.

   Bankruptcy Code § 1102(c), 11 U.S.C. § 1102(c).

   The debtors charge that the claim of one committee member appointed by the United States trustee is based on a usurious personal loan carrying an effective annual interest rate in excess of 350 percent. The claim held by the other committee member is based on a personal loan alleged to be unconscionable, usurious, unenforceable, and in violation of the criminal law of the State of New York. *See* General Obligations Laws of the State of New York, vol. 23A, art. 5, § 5–501(2); Penal Law of the State of New York §§ 190.40 & 190.42.

2. Bankruptcy Code § 1102(c), 11 U.S.C. § 1102(c). *See also* Bankruptcy Code § 105, 11 U.S.C. § 105. *Epps v. Blackshear*, 2 B.R. 737, 739 (Bkrtcy, S.D.N.Y.1980), holds that the bankruptcy court has the inherent power to disqualify a United States trustee from acting in a particular case, in much the same way as

§ 1102(c) contemplates judicial resolution of disputes respecting the representativeness of creditors' committees appointed by the United States trustee.[3] The precatory provisions of Bankruptcy Code § 1102(b)(1)[4] must give way to an appropriate exercise of the judicial discretion conferred by Bankruptcy Code § 1102(c).[5]

The establishment of the office of United States trustee is an experiment[6] designed to promote a more effective separation of administrative and judicial functions in bankruptcy proceedings.[7] The United States trustee is the administrative supervisor of the bankruptcy system in pilot districts established under the Bankruptcy Reform Act.[8] The appointment of representative individuals to serve on creditors' committees is an important administrative responsibility entrusted to United States trustees in furtherance of the reform effort to restrict the nonjudicial involvement of the bankruptcy judge in bankruptcy cases.[9]

The debtors in possession demand that the United States trustee investigate allegations of criminality on the part of a member of the creditors' committee with a view to evaluating the appropriateness of continued committee membership.[10] The United States trustee declines.[11]

the district court may remove the United States attorney in a particular case. *See, e. g., United States v. Catalanotto*, 468 F.Supp. 503 (D.Ariz. 1978). *See also, Gajewski v. United States*, 321 F.2d 261, 267 (8th Cir. 1963), *cert. denied*, 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964).

3. *See Report of the Comm. on the Judiciary, House of Representatives, To Accompany H.R. 8200*, H.R. Rep. No. 95–595, 95th Cong., 1st Sess. (1977), at 401–02, U.S. Code Cong. & Admin. News 1978, 5963 [hereinafter cited to as H.R. Rep. No. 95–595, at ——].

   Although the legislation as finally approved by the Senate and House transfers the responsibility for committee appointments to the U.S. trustee in those districts, the court retains an effective veto over the United States trustee's selections since the court has the power under section 1102(c) to alter the ultimate membership of any committee.

   5 *Collier on Bankruptcy* ¶ 1102.01[3] (15th ed.), at pp. 1102–03.

4. Bankruptcy Code § 1102(b)(1) provides:

   (1) A committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee, or of the members of a committee organized by creditors before the order for relief under this chapter, if such committee was fairly chosen and is representative of the different kinds of claims to be represented. Bankruptcy Code § 1102(b)(1), 11 U.S.C. § 1102(b)(1).

5. *See* H.R. Rep. No. 95–595, at 401. *See* also note 3 *supra.*

6. *See* Bankruptcy Reform Act of 1978, Pub. L. No. 95–598, tit. IV, § 408 (1978).

7. These changes in the present bankruptcy administrative system will accomplish the separation of judicial and administrative functions currently performed by the bankruptcy judges. The judges will become passive arbiters of disputes that arise in bankruptcy cases. *The United States trustees will assume the bankruptcy judges' current supervisory roles* over the conduct of bankruptcy cases and *over individuals serving in the bankruptcy system.* (Emphasis added.)

   *See* H.R. Rep. No. 95–595, at 107, U.S. Code Cong. & Admin. News 1978, 6068.

8. *See* H.R. Rep. No. 95–595, at 100–101 & 107. The District of Maine is one of eighteen pilot districts. *See* Bankruptcy Reform Act of 1978, Pub. L. No. 95–598, tit. II, § 224(a), 28 U.S.C. § 581 (1979); Bankruptcy Code § 1501(1), 11 U.S.C. § 1501(1).

9. *See, e. g.*, H.R. Rep. No. 95–595, at 89–91, 99, 101, 104 & 107 (1977). *See also In re Sullivan Ford Sales*, 2 B.R. 350, 353–54 (Bkrtcy, D.Me.B. J.1980). *See* note 7 *supra.*

10. Counsel for the debtors in possession stated at the section 1102(c) hearing:

    MR. KORNREICH: Your Honor, again, I refer to Mr. Poulos's [sic] testimony and the application that he filed with the court. I see that Marvin Weiner, there's an alleged interest rate of 350 percent, and Mr. Diamond, an interest rate of 380 percent.

    While it's true that these are mere allegations, we believe that the U.S. trustee has more of a duty than finding seven warm bodies, and we respectfully ask that these people be removed from the committee.

    Transcript of Various Hearings Held at the Bankruptcy Courtroom, United States Courthouse, Bangor, Maine, December 15, 1980, at 32–33. [Hereinafter "Transcript, at ——."]

11. The following colloquy took place between the court and counsel for the United States trustee at the section 1102(c) hearing:

    THE COURT: And I take it from your response that at this time the U.S. trustee

It is the responsibility of the United States trustee, in the first instance, to appoint a representative creditors' committee. It cannot have been the intention of Congress to relieve the bankruptcy court of the responsibility to appoint individuals to serve on creditors' committees, only to impose upon the court the *responsibility to investigate* and the ultimate responsibility to adjudicate the representativeness of the committee. It seems similarly implausible that the power of appointment presently vested in the United States trustee would not import the duty to investigate serious charges respecting the representativeness of the committee.[12] Any other placement of that responsibility would conflict with the congressional purpose underlying the establishment of the office of United States trustee.

The membership of a committee of creditors holding unsecured claims may be changed by the bankruptcy court.[13] The proper exercise of its power presupposes in the court the inherent power to direct appropriate inquiry into the challenged representativeness of the committee. The court may direct the United States trustee to investigate serious charges upon which a demand for removal is predicated.[14] The instant challenges to the representativeness of the committee are of such a nature as to require investigation by the United States trustee.

does not on his own initiative intend to pursue any further investigation with the view to determining the appropriateness of their retention as members of the committee?

MR. PARKER: With respect to that allegation made this morning by Mr. Poulos with respect to possible violations of interest rates and regulations for varying interest rates in the State of New York, that is correct, Your Honor; the United States trustee will not investigate that matter further.
Transcript, at 32.

12. Mere recitation of the suggestion that a creditors' committee member, who has committed a crime in connection with the very claim asserted in the reorganization proceedings, could be considered representative of creditors holding unsecured claims, sufficiently demonstrates its absurdity.

13. *See* note 2 *supra.*

14. *See* note 7 *supra.*