In re Edward J. PRESOCK and Nancy J. Presock, Debtors.

FIDELITY BOND AND MORTGAGE COMPANY, Plaintiff,

v.

Edward J. PRESOCK and Nancy J. Presock, Defendants.

Bankruptcy No. 80–01238K.
Adv. No. 80–0716K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 20, 1981.

John Swartz, Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Thomas J. Turner, III, Philadelphia, Pa., for debtor/defendants.

Margaret Graham, Philadelphia, Pa., Standing Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Fidelity Bond and Mortgage Company ("Fidelity") has commenced an adversary proceeding to vacate the automatic stay imposed by Bankruptcy Code § 362 in order to permit it to proceed to Sheriff's sale.

The debtors request that the stay be continued contending that Fidelity is adequately protected because the mortgage in question is federally insured.

After a final hearing, pursuant to Bankruptcy Code, § 362(e), the court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff, Fidelity, is the holder of a first mortgage on premises 877 Sanger Street, Philadelphia, Pennsylvania, executed by the above named debtors to Fidelity Bond and Mortgage Company on June 4, 1979, recorded in Mortgage Book DCC No. 1700 Page 010 &c.

2. Debtors are Edward C. Presock and Nancy J. Presock, his wife.

3. On March 31, 1980, plaintiff filed a Complaint in Mortgage Foreclosure, CP Philadelphia County, March Term 1980 No. 5623, alleging that the said mortgage was in default for failure to make the payments of monthly installments and interest for the month of August 1979 and each month thereafter.

4. Judgment on said Complaint was entered on May 1, 1980, and a Sheriff's sale was scheduled.

5. Plaintiff's attempt to foreclose on said mortgage was stayed by the filing of the instant bankruptcy petition on May 30, 1980, seeking relief under Chapter 13; debtors subsequently requested a conversion Chapter 7.

6. No payments have been made from the date of the creation of the mortgage.

7. At time of trial, mortgage arrears totalled $4,826.64.

8. The mortgage in question is insured for sixty (60%) percent of its value by the Veteran's Administration ("VA").

## DISCUSSION

A request for relief from the automatic stay is governed by Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), which states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Fidelity alleges two (2) grounds for relief from the automatic stay: (1) lack of adequate protection of their interest in the property, and, alternatively; (2) that the defendant-debtors do not have an equity in the property and the property is not necessary to an effective reorganization.

The plaintiff need establish only one of these alternatives, found in § 362(d)(1), to support its claim for relief. *See In re Ruark*, 7 B.R. 46 (D.Conn.1980).

Fidelity, as the party requesting relief, has the burden of proof on the issue of the debtors' equity, or lack of equity, in the

subject property. *See* § 362(g)(2). No evidence regarding equity was presented at trial. Accordingly, the plaintiff has failed to meet its burden of proof as to lack of equity and relief from the automatic stay under § 362(d)(2) may not be granted. It is to the questions of "adequate protection" and "cause" under § 362(d)(1) that plaintiff and defendants have directed their attention and which this Court now considers.

The term "adequate protection" is not defined in the Code. However, § 361 sets forth three (3) non-exclusive examples of what may constitute "adequate protection" if secured property is to be used by a debtor, i. e., (1) periodic cash payments equivalent to decrease in value, (2) an additional or replacement lien on other property, or (3) other relief that provides the indubitable equivalent. The debtors argue that because the mortgage is insured by the U.S. Veterans' Administration, Fidelity is adequately protected. Also, debtors contend that, due to their Chapter 7 conversion, the Chapter 7 trustee should be joined in this action.

This court has recently concluded that a mortgage insured or guaranteed by the U.S. Government, or any agency thereof, does not, of itself, constitute adequate protection. *In re Heath,* 9 B.R. 665 (Bkrtcy. E.D.Pa.1981).

The concept of adequate protection was first discussed in *In re Murel Holding Corporation,* 75 F.2d 941 (2nd Cir. 1935) where Judge Learned Hand stated:

> It is plain that 'adequate protection' must be completely compensatory; .. a creditor ... wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most *indubitable equivalence.*" (Emphasis added.) Id., at p. 942.

In this case, the debtors, as the parties opposing relief from the stay, are required by § 362(g)(1)[1] to support the burden of proof as to adequate protection and all other issues, except the debtors' equity in the property.

In their answer, debtors have alleged a substantial equity in the property. However, after the creditor failed to sustain his burden of proof regarding lack of equity, but rather made a prima facie case of "cause" for modifying the stay, the burden of going forward with proof of adequate protection shifted to the debtors. Debtors failed to sustain their burden.

It is clear that the automatic stay provisions apply generally to all cases under Chapters 7, 11 and 13. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 6 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Therefore, this court is empowered to lift the automatic stay in cases converted from Chapter 13 to 7. A contention that the stay may not be lifted in a Chapter 7 is without basis.

At the time of trial, the issue of joining the Chapter 13 trustee was not raised. However, we now agree with the debtor that the Chapter 7 trustee may desire an opportunity to be heard on this issue and by Order, will provide such an opportunity.

As stated, the mortgage is in default, debtors having failed to make any mortgage payments since the creation of the instrument. As a court of equity, the bankruptcy court must consider "the impact of the stay on the parties and the 'balance of hurt' in fashioning relief." *In re Epps,* 2 B.R. 737, 6 B.C.D. 379 (Bkrtcy.S.D.N.Y. 1980); *In re San Clemente Estates,* 5 B.R. 605 (S.D.Cal.1980). The evidence leads this court to conclude that continuance of the stay will hurt the mortgage much more than vacating of the stay will impair the rights of the debtors. Section 362(g)(2)

---

1. Section 362(g)(1) states as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section— ..

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

clearly places the burden of proving otherwise on the debtors and they have failed to do so.

Accordingly, an appropriate Order will be fashioned to permit plaintiff to proceed with foreclosure.

CONCLUSIONS OF LAW

1. The plaintiff, Fidelity Bond and Mortgage Company, has sustained its burden of establishing "cause" for the lifting of the stay as required under Code § 362(d)(1), 11 U.S.C. § 362(d)(1).

2. The debtors have not sustained their burden of proving that they have furnished Fidelity with adequate protection of its interest in the mortgaged property.

3. Fidelity is entitled to an order lifting the automatic stay and to the relief requested in the Complaint.