### In the Matter of HADAR LEASING INTERNATIONAL CO., INC., Debtor.

### Bankruptcy No. 81 B 10689.

United States Bankruptcy Court,
S. D. New York.

June 3, 1981.

Irving H. Picard, New York City, U. S. Trustee, S. D. N. Y.

Glass & Howard, New York City, for debtor.

Skadden, Arps, Slate, Meagher & Flom, New York City, for D. H. Overmyer Telecasting Co., Inc.

JOHN J. GALGAY, Bankruptcy Judge.

By an order to show cause dated May 22, 1981, signed in my absence by Judge Lewittes, Hadar Leasing International Co., Inc. (the Debtor) has asked this Court to prohibit the U. S. Trustee from adding any members to the Creditors Committee formed on May 7, 1981, or, in the alternative, to direct the U. S. Trustee to remove D. H. Overmyer Telecasting Co., Inc. (Telecasting) and Slates Electrical Inc. from the committee. After review of the argument presented on June 2, the papers submitted by counsel, the statutes and legislative history, and the interpretive case law, this Court denies the motion to restrain the U. S. Trustee from appointing additional holders of unsecured

claims to the committee initially formed on May 7, and postpones any decision on the right of Telecasting and Slates Electrical to serve on the committee until an evidentiary hearing can be held on June 18 at 10 a. m. if by that time the Court of Appeals for this circuit has not transferred this case to the Bankruptcy Court for the Northern District of Ohio as ordered by this Court on April 21 and affirmed by Judge Gagliardi on May 1.

The Debtor contends that once the U. S. Trustee appoints a creditors committee pursuant to his authority under Section 151102 of the Bankruptcy Code no change in the composition of that committee can be made without court approval after notice and a hearing. Hadar relies on the language in Section 1102(c) which authorizes the court to change the membership or size of a committee on request of a party in interest after notice and a hearing if the membership is not representative of the various unsecured claims against the debtor. In essence Hadar is arguing that once the U. S. Trustee forms a committee the membership of that committee is frozen even if that committee is unusually small due to the tardiness of creditors in responding to the solicitations sent by the U. S. Trustee's office to the twenty largest unsecured creditors. Such a reading of the statute would require the U. S. Trustee to postpone committee formation until all responses are received from creditors, no matter how long that takes, in order to form a truly representative committee. To this Court that interpretation appears to be in direct contradiction to the mandate in Section 151102(a) which directs the U. S. Trustee to appoint a committee "as soon as practicable after the order for relief."

Any claim that the U. S. Trustee loses the power to appoint additional committee members once any appointments have been made seems to violate the goals of the Code in attempting to divorce the bankruptcy judge from the administrative aspects of the case in the pilot districts. *See* H.R.Rep.No.95–595, 95th Cong. 1st Sess. (1977) at 107, U.S.Code Cong. & Admin.News 1978, p. 5787. As Judge Cyr

concluded in *In re Kontaratos*, 10 B.R. 370, 7 BCD 430, 431 (Bkrtcy.D.Maine, 1981), it is the U. S. Trustee's responsibility, in the first instance, to appoint a representative creditors' committee. Under Section 1102(c) the court retains the power to change the composition of the committee only when a party in interest has demonstrated that the committee is not representative. See *In re Grynberg*, 10 B.R. 256, 7 BCD 537 (Bkrtcy.Colo., 1981).

This Court agrees with the conclusions and reasoning of Judge Lewittes in *In re Computron Technologies Corporation*, 81 B 10477 (Apr. 21, 1981). When faced with a motion identical to the one presently under consideration, Judge Lewittes stated,

... it would be not only an unduly restrictive reading of the statute but would fly in the face of the purpose of the promulgation of Section 151102, to wit, as I said before, placing the powers of the administration of the estate in the hands of a United States Trustee and removing that portion of the administrative machinery from the hands of the Bankruptcy Judge so that the Bankruptcy Judge would, indeed, become a judicial officer as that term is properly defined, to wit, that it handle only adversary proceedings and contested matters and that it not interfere with the administrative machinery of the estates in this Court.

Only where there is an objection, as I indicated, by a party in interest to the constituency of the committee on the ground that the committee as appointed by the United States Trustee is not representative does the Court interfere with the constituency of the committee. Otherwise, the United States Trustee in accord with the rationale behind much of the Bankruptcy Code, in my view, has plenary power with respect to the appointment of creditors committees.

Transcript of oral decision at 38–39.

Based on all of the above, this Court denies the motion of the Debtor to prohibit the U. S. Trustee from enlarging the creditors' committee, and schedules a hearing on June 18, if the case is still pending in this

district, to determine whether Telecasting and Slates are qualified to serve on the committee.

It is so ordered.