In re Wanda W. **PANNELL**, Debtor.

PROVIDENT SAVINGS ASSOCIATION (formerly known as University City Savings & Loan Association), Plaintiff,

v.

Wanda W. **PANNELL** and Margaret Graham, Trustee, Defendants.

Bankruptcy No. 80–01911K.
Adv. No. 81–0169K.

United States Bankruptcy Court,
E. D. Pennsylvania.

June 15, 1981.

Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Margaret Graham, Philadelphia, Pa., trustee.

Carole L. McHugh, Philadelphia, Pa., for debtor.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Provident Savings Association ("Provident") has commenced an adversary proceeding to modify the automatic stay imposed by Bankruptcy Code § 362 in order to permit it to continue foreclosure proceedings.

The debtor requests that the stay be continued, contending that Provident is adequately protected because there exists an equity cushion and because debtor has offered to make periodic payments to the secured creditor.[1]

## FINDINGS OF FACT

1. The above-named defendants are the debtor and the trustee for the debtor in the instant case under Chapter 13 of the Bankruptcy Code. ("The Code").

2. The above-named plaintiff is the holder of a mortgage in the total outstanding amount of $6,749.06 on debtor's property at 1141 South 56th Street, Philadelphia, Pa.

3. The above property has a fair market value of $11,000.00.

4. The debtor, therefore, has equity in the above property.

5. The above property is necessary for an effective reorganization of the debtor.

6. The interest of the secured creditor in the above property is adequately protected as evidenced by:

   (a) an equity cushion of $4,250.94 equal to the excess value of the above property valued at $11,000.00, over the

---

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

amount of the debt owed to the secured creditor and secured by the above property in the amount of $6,749.06.

(b) The offer of the debtor to make periodic payments on the mortgage directly to mortgagee, pay all arrearages and remain current in payments to the Chapter 13 trustee.

## DISCUSSION

A request for relief from the automatic stay is governed by Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), which states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Provident alleges two (2) grounds for relief from the automatic stay: (1) lack of adequate protection of their interest in the property, and, alternatively, (2) that the defendant-debtor does not have an equity in the property and the property is not necessary to an effective reorganization.

■ Provident need establish only one of these alternatives, found in § 362(d)(1), to support its claim for relief. *See In re Ruark*, 7 B.R. 46 (Bkrtcy.D.Conn.1980); *Commonwealth of Pennsylvania School Employes' Retirement Fund v. Heath*, 9 B.R. 665 Bankruptcy No. 80–00191(K), Adversary No. 80–0711(K), (King, J., 1981).

■ Provident, as the party requesting relief, has the burden of proof on the issue of debtor's equity, or lack of equity, in the subject property. *See* § 362(g)(2). Provident's witness placed the total mortgage debt outstanding at the time of trial at $6,749.06. Yet, the only testimony as to the issue of fair market value of the subject property was debtor's estimate of $11,000.00. Accordingly, Provident has not sustained its burden of proof as to lack of equity as evidenced by its failure to establish the value of the property, a requisite to the determination of equity. It is to the questions of "adequate protection" and "cause" under § 362(d)(1) that the parties have directed their attention and which this Court now considers.

The term "adequate protection" has been established in the Code as the touchstone against which complaints to dissolve or modify the stay must be tested. Yet, "adequate protection" is not defined in the Code. However, § 361 sets forth three (3) non-exclusive examples of what may constitute "adequate protection" if the secured property is to be used by the debtor, i. e., (1) periodic cash payments equivalent to decrease in value, (2) an additional or replacement lien on other property, or (3) other relief that provides the indubitable equivalent. The debtor argues that the mortgagee is adequately protected by debtor's offer to make monthly mortgage payments to plaintiff directly, to make up arrearages and to make the required payments to the Chapter 13 trustee.

In judging this proposal, it should again be noted that Provident has the burden of proof on the issue of the debtor's equity in the collateral, but the debtor has the burden on all other issues including adequate protection. 11 U.S.C. § 362(g)(1)[2].

Based on the evidence presented, this Court finds that the subject real property has a fair market value of approximately

2.  Section 362(g)(1) states as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and

(2) the party opposing such relief has the burden of proof on all other issues.

$11,000.00, against an outstanding mortgage debt of $6,749.06, leaving an equity "cushion" of $4,250.94.

Debtor argues that the existence of an equity "cushion" can itself constitute adequate protection with nothing more. Recent case law under the Bankruptcy Code has held that adequate protection under section 361 can be provided by an equity "cushion". *See e. g. In re 5-Leaf Clover Corp.*, 6 B.R. 463 (Bkrtcy. B.C., S.D.W.Va. 1980) *In re San Clemente Estates*, 5 B.R. 605, 6 B.C.D. 858 (Bkrtcy. S.D.Calif.1980). (65% cushion sufficient on real property securing construction loan); *Matter of Lake Tahoe Land*, 5 B.R. 34, 6 B.C.D. 262 (Bkrtcy. D.Nev.1980) (40–50% cushion required for low or partly developed land); *In re Mc-Aloon*, 1 B.R. 766 (Bkrtcy.B.C., E.D.Pa. 1980). (40% cushion sufficient for residential real estate).

The legislative history of section 361 clearly reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 339 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ The adequate protection standard must only be applied in light of all the facts surrounding each case and upon equitable considerations therefrom, with the existence of an equity "cushion" being only one factor in determining whether the creditor's interest is adequately protected.

The record indicates that debtor has a history of nonpayments, late payments, insufficient payments and general chronic delinquency in her obligations to mortgagee since 1971. Furthermore, as of March 11, 1981, there existed a deficit in the escrow account of $476.65. As a court of equity, the bankruptcy court must consider the "impact of the stay on the parties" and the "balance of hurt" in fashioning relief. *In re Epps*, 2 B.R. 737, 6 B.C.D. 379 (Bkrtcy.S. D.N.Y.1980); *In re San Clemente Estates*,

*supra*. The evidence might lead one to conclude that continuance of the stay will hurt the mortgagee to a greater extent than vacation of the stay will impair the rights of the debtor.

■ Section 362(g)(2) clearly places the burden of proving adequate protection on the debtor. The debtor put forth evidence indicating an ability to make the payments of $647.36 representing mortgage payments to plaintiff for the months of December, 1980 through March, 1981, together with the April, 1981 payment. Furthermore, debtor has established her ability to maintain the monthly mortgage payment to the plaintiff while remaining current in payments to the Chapter 13 trustee in accordance with the plan. With respect to the escrow deficit, debtor's payments to the trustee under the Chapter 13 plan will prevent any increase, while eventually curing the escrow deficit altogether. The aforesaid proposed payment plan, along with the existence of an equity cushion, is conclusive evidence that the mortgagee's interest is adequately protected.

Accordingly, we conclude that the debtor has provided adequate protection to the creditor and the automatic stay will remain in effect. Debtor will be ordered to immediately pay the mortgage arrearages to Provident and continue monthly mortgage payments directly to Provident.[3] In addition, the debtor is ordered to remain current on payments to the trustee under the Chapter 13 plan. If the debtor is unable to make the ordered payments within fifteen (15) days, and remain current on payments to the trustee and monthly mortgage payments to mortgagee, the automatic stay will, upon certification of counsel for the mortgagee or the trustee, be lifted to permit mortgage foreclosure.

### CONCLUSIONS OF LAW

1. The plaintiff, Provident, has failed to sustain its burden of proving that the debtor lacks equity in the above property.

---

**3.** Arrearages to be paid $1,154.36 representing mortgage payments through May, 1981, which includes $185.00 in attorney's fees.

2. The debtor has sustained its burden of proving that they have furnished Provident with adequate protection for its interest in the mortgaged property upon payment of the required payments to Provident and to the Standing Chapter 13 Trustee.

3. The debtor is entitled to an order denying a lifting of the automatic stay requested in the complaint.