In the Matter of Lohvlohn H. REYNOLDS, Debtor.

Bankruptcy No. 81–01645A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 14, 1981.

David W. Cranshaw, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for debtor.

A. L. Mullins, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for movant.

MEMORANDUM OF OPINION

A. D. KAHN, Bankruptcy Judge.

The primary issue for decision in this Chapter 11 case, commenced by debtor, Lohvlohn H. Reynolds, on April 17, 1981, is whether the motion for a change of venue filed by Harold M. Reynolds, a creditor and former husband of the debtor, should be granted. If granted, this Chapter 11 case will be transferred to the United States Bankruptcy Court for the Eastern District

of Tennessee, Southern Division (Chattanooga), the same district in which Mr. Reynolds filed an involuntary petition under Chapter 7 against Mrs. Reynolds on April 9, 1981.

A related bankruptcy proceeding is one filed by Lucky Management Corporation ("LMC") on April 14, 1981, in this court. LMC is a Georgia corporation incorporated in Fulton County, Georgia, in 1977. Mrs. Reynolds relied on her association with LMC as the basis for venue of the instant Chapter 11 case in this court, pursuant to 28 U.S.C. § 1472(2).

First, however, the court must address Mr. Reynolds' motion to dismiss for want of jurisdiction. Mr. Reynolds contends that, pursuant to 28 U.S.C. § 1471(c) and 28 U.S.C. § 1471(e), the Chattanooga court has jurisdiction of this case and has jurisdiction over the debtor's assets, and that this court does not have jurisdiction over the debtor or her assets as a matter of law. At the time of this writing, no order for relief has been entered in the Chattanooga case. The debtor urges that until the Chattanooga court determines whether or not the involuntary proceeding was properly commenced, it is premature for this court to rule upon Mr. Reynolds' motion to dismiss.

■ This court has concluded, however, based on 28 U.S.C. § 1471 and 28 U.S.C. § 1472, that it has jurisdiction over the Chapter 11 case, and that jurisdiction was invoked by the filing of the Chapter 11 petition.[1] The circumstances of the instant case, in which an involuntary petition and a voluntary petition are pending at the same time in two different courts, are somewhat unusual, but the problem is one of venue, and not jurisdiction. Thus, the court will proceed to address the venue questions raised by Mr. Reynolds' motion.

In her Chapter 11 petition Mrs. Reynolds asserted that venue is properly founded in this district pursuant to 28 U.S.C. § 1472(2), which provides in part:

... a case under title 11 may be commenced in the bankruptcy court for a district—

(2) in which there is pending a case under title 11 concerning such person's *affiliate*, general partner, or partnership. (emphasis added)

28 U.S.C. § 1472(2) (1981).

Mrs. Reynolds further relies on that definition of "affiliate" found in 11 U.S.C. § 101(2)(C), which defines "affiliate" as a: person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; ...

11 U.S.C. § 101(2)(C) (1981).

The factual basis for the alleged affiliation between Mrs. Reynolds and LMC is an Employment Agreement between LMC and Mrs. Reynolds, in which Mrs. Reynolds, as an Employee of LMC, "is engaged to be the General Manager of the Business for the Employer [LMC]. In such capacity the Employee shall be the chief operating officer of the Employer and will have full and absolute discretion as to the operation of the Business."

■ Mr. Reynolds has argued that no "operating agreement" exists, that LMC is stagnant and not being "operated," that Mrs. Reynolds has not actually "operated" the business of LMC, and therefore, LMC is not an affiliate of Mrs. Reynolds. The fact remains, however, that under the Employment Agreement, Mrs. Reynolds is the person designated to run the business of LMC. It also appears that what little LMC has done has been directed by Mrs. Reynolds. The court concludes that LMC is an affiliate of Mrs. Reynolds, and that venue in this court is proper, pursuant to 28 U.S.C. § 1472(2).

Mr. Reynolds also argued that LMC's filing is a sham, and therefore, that Mrs. Reynolds' nexus for venue has evaporated.

---

[1] A good discussion of jurisdiction and problems associated with the drafting of the present jurisdictional statute is found in Kennedy, *The Bankruptcy Court Under the New Bankruptcy Law: Its Structure and Jurisdiction*, 55 *American Bankruptcy L.J.* 63 (1981), which was reprinted from 11 *St. Mary's L.J.* 251 (1979).

LMC's case is still pending in this court, however, and the court concludes that Mr. Reynolds' argument is without merit.

Because of Mrs. Reynolds' somewhat belated assertion in her brief that an alternate ground for venue is 28 U.S.C. § 1472(1), and in view of this court's determination that venue is proper under 28 U.S.C. § 1472(2), it is unnecessary to consider the propriety of venue on other grounds. The court further notes, that, even where venue is found to be improper, the court may retain the case "in the interest of justice and for the convenience of the parties," or may transfer the case pursuant to 28 U.S.C. § 1475. 28 U.S.C. § 1477 (1981).

The court will now consider Mr. Reynolds' motion for a change of venue, "in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475.

■ The parties agree that essentially five factors should be considered in determining whether venue should be transferred pursuant to 11 U.S.C. § 1475: (1) proximity of creditors of every kind to the court; (2) proximity of the debtor to the court; (3) proximity of witnesses necessary to administration of the estate; (4) location of assets and (5) economic administration of the estate. *Hadar Leasing International Co., Inc. v. D. H. Overmyer Telecasting Co., Inc. (In re Hadar Leasing International Co., Inc.)*, 11 B.R. 460, 7 B.C.D. 686 (Bkrtcy.1981) (citation omitted).

■ It is not disputed that a greater percentage both in number and amount of the debtor's creditors are closer to Chattanooga than to Atlanta. Mr. Reynolds, himself a Chattanooga resident, pointed out that 10 of 19 unsecured claims are from the Chattanooga-Nashville area, and that 4 of 19 claims are from the Atlanta area. The claims from the Atlanta area comprise merely 1% of the total value claimed, while 90% of the total claims originate in the Chattanooga-Nashville area. Although these are not the only circumstances to be considered, they strongly support a transfer of venue to Chattanooga. In opposition the debtor has characterized the majority of creditors as "personal friends or business associates". This argument, coming from the debtor, is irrelevant. Similarly, Mrs. Reynolds' arguments that Mr. Reynolds, the most significant creditor, has exhibited a willingness to pursue the debtor in other forums by virtue of a suit in North Carolina, and the fact that he has retained Atlanta counsel, are inconsequential in view of the convenience to the creditors, including Mr. Reynolds, that would result from the transfer of the debtor's Chapter 11 case to Chattanooga.

The next factor for consideration is the proximity of the debtor to the possible forums. This case has another twist, in that the debtor has allegedly established her residence in Charlotte, North Carolina. She listed as her mailing address an address in Charlotte. The debtor asserts that this Atlanta forum is more convenient than Chattanooga because her accountants are located in Atlanta, and they maintain all of the records for herself and LMC. It has been shown, however, that the debtor's connections with Chattanooga are more substantial than her connections with Atlanta.

Mr. Reynolds alleged, without dispute, that the debtor was domiciled and resided in the Chattanooga area for approximately ten years prior to her "acquiring" residence in Charlotte. The marriage between the debtor and Mr. Reynolds was dissolved as a result of an order entered April 18, 1979, by the Circuit Court of Hamilton County, Tennessee, and a judgment was rendered in favor of Mr. Reynolds and against Mrs. Reynolds. The order of the Tennessee court, which contains findings of misrepresentation and fraud by Mrs. Reynolds, provides a compelling reason to transfer this case to Chattanooga, where the bankruptcy court has more familiarity with the domestic relations law of Tennessee. Finally, the debtor filed suit against her Chattanooga divorce attorneys, and that suit is pending in Chattanooga. Thus, although Mrs. Reynolds asserts that this forum is more convenient to her, the court concludes that a transfer to the Chattanooga forum would better serve the "interest of justice," 28

U.S.C. § 1475, as well as the convenience of creditors.

The third factor for consideration is the location of assets. The debtor has admitted that her principal assets are not located in this district. It has been shown that one of the debtor's major assets, her suit against her former attorneys, is in Hamilton County, Tennessee. The debtor showed that the bulk of her assets or the indicia of ownership of her assets were deposited into the custody of the Circuit Court of Hamilton County pursuant to the order of the Tennessee court. The debtor asserts that such assets are subject to turnover, pursuant to 11 U.S.C. § 542, or 11 U.S.C. § 543, and that there is little nexus between the assets and the Chattanooga court. The point is, however, that there is more of a nexus between the debtor's assets and the Chattanooga court, than there is between those assets and this court. This is another factor supporting transfer of venue to Chattanooga.

Finally, the considerations stated above also bear on the remaining two factors: economic administration of the estate, and the proximity of witnesses necessary to the administration of the estate. All considerations support the transfer to the Tennessee forum.

Despite the connection of Mrs. Reynolds to LMC, the court concludes that Mrs. Reynolds' Chapter 11 case should be transferred to Tennessee in the interest of justice and for the convenience of the parties. The Chattanooga court is the best forum for the bankruptcy litigation.